IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY EDWARD KELLEY, JR., )
    Petitioner, )
     )
    v. ) 2:11-cv-624
     )
DEBRA K. SAUERS, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Larry Edward Kelley, Jr. has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

    Kelly is presently serving a three and a half to seven year sentence imposed following his conviction, by a jury, of theft of leased property at No. CP-26-282 of 2003 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on November 14, 2005.[1] Neither appellate nor post-conviction remedies were pursued.[2]

    In a petition executed on May 10, 2011, Kelley contends he is entitled to relief on the following grounds:

> U.S. Constitutional Bill of rights Amendments V, VI, VII, VIII (1791), and Amendment XIV (1868)(1). A trial by jury in absentia, sentence greater than guidelines.[3]

Thus, it would appear that the petitioner here is contending that he is entitled to federal relief as a result of having been tried in absentia, and being sentenced to a term greater than provided for in the relevant guidelines.

    It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

---

[1] See: Petition at ¶¶ 1-6 and Docket No. CP-26-CR-0000282-2003 which can be found at the Pennsylvania's unified Judicial System webportal, http://ujsportal.pascourts.us.
[2] See: Petition and Fayette County Docket sheet cited above.
[3] See: Petition at ¶ 13.

1

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, sentence was imposed on November 14, 2005 and no appellate relief was sought. Thus Kelley's sentence became final on December 14, 2005 when the time in which to appeal expired.[4] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. Because the petitioner did not pursue remedies in the appellate courts of Pennsylvania, and did not seek relief here until May 10, 2011 or over five years after his conviction because final, his petition here is time barred.

> Additionally, it is provided in 28 U.S.C. §2254(b) that:
>
> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[4] Pa.R.App.P.903.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

It is apparent that the petitioner made no effort to exhaust the available state court remedies nor has he made any showing that those remedies were not available to him in a timely manner.[5]

Additionally, in <u>Coleman v. Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to exhaust the available state court remedies on these issues and no further consideration of these issues is warranted here.

Accordingly, because the instant petition is time barred, and because the petitioner has also failed to exhaust the available state court remedies, it is subject to dismissal here. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[5] The state court docket sheet demonstrates that it was not until April 6, 2011, that the petitioner filed a "pro se motion for Constitutional Bill of Rights Amendments VI, VIII, V (1791) as per Amendment XIV (1868) US citizenship rights afforded, Uniform Commercial Acts,

ORDER

AND NOW, this 2nd day of June, 2011, for the reasons set forth in the foregoing Memorandum, the petition of Larry Edward Kelly, Jr. for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied;

AND IT IS FURTHER ORDERED, that within fourteen (14) days of this date, the petitioner show cause, if any, why an appropriate judgment should not be entered against him.

s/ Robert C. Mitchell
United States Magistrate Judge.